FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2019 DEC 19 PM 2:48
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BRANDY MAI,<br><br>  Plaintiff,<br><br>v.<br><br>NINE LINE APPAREL, INC., d/b/a<br>Nine Line, a domestic profit<br>corporation,<br><br>  Defendant. | CASE NO. CV418-277 |

## O R D E R

Before the Court is Plaintiff's Motion to Stay All Proceedings Pending Appeal. (Doc. 36.) Plaintiff seeks to stay this action pending her appeal to the United States Court of Appeals for the Eleventh Circuit of this Court's order granting in part Defendant's motion for sanctions (Doc. 32). (Id. at 1.) Plaintiff argues that this Court should stay all proceedings pending the outcome of the appeal and that Plaintiff would be subject to irreparable harm if she "was forced to relinquish her right to free speech in exchange for pursuing her lawsuit against Defendant." (Id. at 2.) For the following reasons, Plaintiff's motion is **DENIED**.

"[A] [d]istrict [c]ourt has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706-07 (1997) (citing

Landis v. North American Co., 299 U.S. 248, 254 (1936)). In determining whether to issue a stay pending appeal, "a court must consider: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.' " Ray Capital Inc. v. M/V Newlead Castellano, No. CV 416-093, 2016 WL 6883990, at *1 (S.D. Ga. Nov. 18, 2016) (quoting Nken v. Holder, 556 U.S. 418, 426 (2009)).

First, Plaintiff has not made a "strong showing" that she is likely to succeed on the merits of her appeal. Plaintiff fails to elaborate on her grounds for appeal or provide argument as to why the appeal is meritorious and will succeed.

Second, this Court finds that Plaintiff has not shown that she will suffer irreparable harm without a stay. Plaintiff's argues that she will be irreparably harmed because (1) "there would be no equitable remedy" to restoring Plaintiff's free speech rights at the conclusion of the appeal, and because she would be forced to "pay significant financial sanctions prior to continuing litigation." (Doc. 36 at 2.) As to Plaintiff's first contention, this Court's order limited Plaintiff from engaging in extrajudicial statements that are designed and intended to influence public opinion regarding the merits of the case. (Doc.

2

32 at 19.) Plaintiff has not been barred from speaking about the case in every context and medium. Second, despite Plaintiff's contention that she would be irreparably harmed by having to pay Defendant's attorneys' fees and costs, Plaintiff has not elaborated on that claim. Defendants currently seek $6,236.50 in fees and costs (Doc. 33 at 1), and Plaintiff has not stated how paying this amount would subject her to irreparable harm. See LaTele Television, C.A. v. Telemundo Commc'ns Grp., LLC, No. 15-11792, 2016 WL 6471201, at *5 (11th Cir. May 26, 2016) (finding that the plaintiff could not establish irreparable harm in having to pay the sanctions award as plaintiff provided no facts to support its claim that immediate payment would cause solvency issues).

Third, Plaintiff generally contends that staying all proceedings, including discovery and Plaintiff's response to Defendant's petition for fees, pending the outcome of the appeal would "preserve resources, limit damages, and promote judicial efficiency." (Doc. 36 at 2.) The Court disagrees. Plaintiff is appealing an order from this Court in which the Court sanctioned Plaintiff due to her conduct in and through the media regarding this case. The order did not address the substance of Plaintiff's allegations in her complaint, address any discovery dispute, or otherwise affect the parties' ability to progress in this litigation. The Court cannot see how the outcome of the

pending appeal would disturb any discovery efforts of the parties, result in increased damages, or cause duplicative efforts by the parties or their counsel. Nor does the Court see how staying this action would otherwise "promote judicial efficiency." Rather, granting a stay pending the appellate decision would delay the final resolution of this action. Concomitant with this fact, the public interest militates against granting a stay in this action as this case can progress while the appeal is pending.

Accordingly, Plaintiff's motion (Doc. 36) is **DENIED**. The Court notes that Plaintiff has not responded to Defendant's motion for attorneys' fees filed on November 1, 2019. Should Plaintiff elect to do so, Plaintiff must file any response to Defendant's motion within **fourteen (14)** days from the date of this order.

SO ORDERED this 19th day of December 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA